# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GAYLON LEE MITCHUSSON, )
LOIS FOSTER, and MADALINE M. )
THOMPSON, )
                                       )
                 Plaintiffs, )
                                       )
vs. )    Case No. CIV-10-1362-M
                                       )
SHERIDAN PRODUCTION COMPANY, )
LLC, )
                                       )
                 Defendant. )

## **ORDER**

Before the Court is plaintiffs' Motion to Modify Protective Order, filed November 1, 2010. On November 12, 2010, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

Counsel for plaintiffs and defendant negotiated an Agreed Protective Order to help facilitate efficient and timely discovery. On August 26, 2010, the Agreed Protective Order was entered in this case. After entry of the Agreed Protective Order, defendant produced a substantial number of documents which were designated "Confidential Information" in accordance with the Agreed Protective Order.

Plaintiffs assert that their counsel mistakenly assented to the terms of the Agreed Protective Order, specifically the last sentence of paragraph 2, when his mobile phone failed to fully display redlined changes proposed by defendant in a draft. Based upon this mistake, plaintiffs now move the Court to modify the Agreed Protective Order by removing the last sentence in paragraph 2. Defendant objects to the proposed modification and contends that plaintiffs are not prejudiced by the current language of the Agreed Protective Order, that defendant already relied on the Agreed

Protective Order in furnishing production to plaintiffs, and that the requested modification only removes clarifying examples which enable expedient designations, without expanding the information eligible for such designations.

Paragraph 2 of the Agreed Protective Order provides, in pertinent part:

> 2. In the course of producing documents, giving deposition testimony, responding to interrogatories, responding to requests for admission, or otherwise responding to discovery requests of any kind, a Party may designate at or prior to the time of production of documents or tangible things (or the giving of testimony or other information), or as soon thereafter as may be practicable, any discovery materials produced or disclosed by or on behalf of that Party, or any portion of such material, and all information that may be derived therefrom as **Confidential Information**. . . . Documents or information may be designated as "**Confidential Information**" for purposes of this Order if, but only if, the designated portions of such documents or information are entitled to protection from disclosure pursuant to the guidelines set forth in the Oklahoma Rules of Discovery. No document or information will be considered confidential if it has entered the public domain. <u>By way of clarification, and not limitation, such information may include, but is not limited to, non-public financial information and information regarding oil and gas wells, oil and gas content or quality, oil and gas marketing contracts, and oil and gas production, geology, sales, revenues and distributions.</u>

Agreed Protective Order at ¶ 2, attached as Exhibit 1 to defendant's Response and Objection to Plaintiffs' Motion to Modify Protective Order and Brief in Support (emphasis added).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not shown a sufficient basis for removing the last sentence of paragraph 2 of the Agreed Protective Order. Other than noting that certain changes in the draft were not shown as changes when plaintiffs' counsel reviewed the document on his mobile phone, plaintiffs have not set forth any good reason for the modification requested. Further, plaintiffs have not shown that they will be prejudiced in any way as a result of the last sentence of paragraph 2 remaining in the Agreed

Protective Order; the disputed language in no way limits plaintiffs' ability to contest the propriety of any designation made by defendant. On the other hand, the Court finds that defendant has already relied upon the disputed language when making a substantial production of documents to plaintiffs and would be prejudiced by the requested modification.

Accordingly, the Court DENIES plaintiffs' Motion to Modify Protective Order.

**IT IS SO ORDERED this 28th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE