# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GAYLON LEE MITCHUSSON, )
LOIS FOSTER, and MADALINE M. )
THOMPSON, )
)
       Plaintiffs, )
)
vs. ) Case No. CIV-10-1362-M
)
SHERIDAN PRODUCTION COMPANY, )
LLC, )
)
       Defendant. )

## **ORDER**

      Before the Court is defendant's Motion for Protective Order Regarding Notice and Subpoena to Take Video Deposition of Sheridan Designated Representative(s), filed November 12, 2010. On November 29, 2010, plaintiffs filed their response, and on December 7, 2010, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

      On November 1, 2010, plaintiffs noticed the deposition of defendant's designated representative(s) for November 15, 2010. The Notice lists twenty-six areas of inquiry and seeks to take depositions in Oklahoma City "beginning at 9 a.m. on Monday, November 15, 2010, and continuing from day to day thereafter." Notice and Subpoena to Take Video Deposition of Sheridan Designated Representative(s), attached as Exhibit 2 to defendant's motion for protective order. Defendant's headquarters and principal place of business are in Houston, Texas. Additionally, the potential designated representatives reside in Houston or the surrounding metro area. Defendant now moves the Court for a protective order requiring that its corporate representatives' depositions be taken in Houston, Texas and that the deposition of each designated representative be limited in length to no more than six hours.

Generally, a deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 2112 (2d ed. 1994). Further, when applying this general rule, a court should consider factors of cost and convenience. *Id.*

Having carefully reviewed the parties' submissions, and having considered the above general rule and the cost and convenience to the parties, the Court finds that the depositions of defendant's corporate representatives should be conducted in Houston, Texas. Defendant's corporate representatives have no regular course of activities in Oklahoma and deposing them in Oklahoma would subject them to substantial annoyance, undue burden, and expense. Further, defendant's corporate representatives are not named parties to nor have any personal interest in this litigation. The Court finds any burden that plaintiffs would incur by taking the depositions in Houston is less than the burden which would be incurred by defendant's corporate representatives.

Federal Rule of Civil Procedure 30(d)(1) provides:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1). In their response, plaintiffs acknowledge the time limits imposed and note that they apply per person designated. Based upon plaintiffs' statement, the Court finds that plaintiffs agree that the time limit imposed by Rule 30(d)(1) should apply to each person designated. Accordingly, the Court finds that the deposition of each designated representative should be limited in length to no more than seven hours.

The Court, therefore, GRANTS defendant's Motion for Protective Order Regarding Notice and Subpoena to Take Video Deposition of Sheridan Designated Representative(s) and ORDERS that the depositions of defendant's corporate representatives be conducted in Houston, Texas and that the deposition of each designated representative be limited in length to no more than seven hours.

**IT IS SO ORDERED this 29th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE