# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAYLON LEE MITCHUSSON and LOIS FOSTER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-10-1362-M ) |
| SHERIDAN PRODUCTION COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiffs' Motion to Remand, filed January 14, 2011. On February 4, 2011, defendant filed its response, and on February 11, 2011, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Defendant Sheridan Production Company, LLC ("Sheridan") is a large, independent oil and gas company that owns extensive oil and gas leasehold interests within the State of Oklahoma and operates many wells in Oklahoma. On May 6, 2010, plaintiffs filed their class action Petition in the District Court of Caddo County, Oklahoma, alleging that Sheridan improperly paid royalties relating to mineral interests owned by plaintiffs and putative class members. Specifically, plaintiffs allege that instead of bearing the costs to make the gas products marketable, Sheridan has paid royalties after deductions for gathering, compression, dehydration, fuel, treating and processing necessary to create marketable products, while hiding that reality from the class.

On December 17, 2010, Sheridan removed this action to this Court. In its Notice of Removal, Sheridan states:

> Sheridan served its First Supplemental Objections and Responses to Plaintiff's First Interrogatories and Requests for Documents on December 16, 2010. In its Supplemental Response to Interrogatory No. 1, it was identified in a paper served in discovery for the first time that the amount in controversy in this matter now exceeds Five Million Dollars ($5,000,000.00).

Sheridan Production Company, LLC's Notice of Removal [docket no. 1] at ¶ 3. Plaintiffs assert Sheridan's removal was untimely and move this Court to remand this case back to state court.

## II. Discussion

Under the Class Action Fairness Act ("CAFA"), a United States district court may exercise original jurisdiction over a class action if: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (2) any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).[1] CAFA also governs the removal of class actions from state court to federal court. Under CAFA,

> [a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b).

Under § 1446(b), in order to timely remove a case from state to federal court,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

---

[1]Plaintiffs do not dispute that both of these requirements have been met in this case and that this Court, therefore, would have subject matter jurisdiction. Plaintiffs simply contend that Sheridan did not timely file its Notice of Removal.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). "Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted).

Plaintiffs contend that removal is untimely in this case because Sheridan could have ascertained that damages exceeded $5,000,000 more than 30 days before Sheridan removed this action. Contending that Sheridan was required to investigate damages, plaintiffs assert that Sheridan could have known of the requisite $5,000,000 amount in controversy within thirty days of receipt of plaintiffs' initial Petition. Plaintiffs further contend that at the latest, Sheridan could have ascertained the requisite $5,000,000 amount in controversy when it produced various documents to plaintiffs in discovery. Plaintiffs assert that at that time Sheridan could have, and should have, made the calculation of plaintiffs' damages that it ultimately made and set forth in its December 16, 2010 supplemental response to plaintiffs' interrogatory no. 1, and consequently, Sheridan's removal of this action is untimely.

The Tenth Circuit, however, has stated:

> We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

3

*Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (emphasis in original).

Having carefully reviewed plaintiffs' initial Petition, the Court finds that the Petition itself does not provide clear and unequivocal notice of the right to remove but simply indicates that the right to remove may exist. There are no specific amounts of damages set forth in the Petition, and in fact, in their Petition, plaintiffs state:

> Plaintiffs are without sufficient knowledge to quantify the amount of damages attributable to the Class exclusive of interest and costs and therefore cannot allege that such aggregate amount meets or exceeds the federal jurisdictional amount for diversity; however, the claims of each of the named Plaintiffs are less than $75,000.00.

Petition at ¶ 4. Thus, because Sheridan had no duty to investigate and determine the removability of this action upon being served with the Petition, the Court finds that the thirty-day time limit to remove this action did not begin to run upon receipt of plaintiffs' Petition.

The Court also finds that the thirty-day time limit to remove this action did not begin to run when Sheridan was served with plaintiffs' initial discovery requests, which included interrogatory no. 1, or when Sheridan provided various documents in response to plaintiffs' discovery requests. While Sheridan could have made the calculations that it ultimately made regarding plaintiffs' damages earlier, based upon Tenth Circuit law, it was not required to make such calculations in order to determine whether this action was removable to federal court.[2] Further, the Court finds that the documents that Sheridan produced to plaintiffs did not provide clear and unequivocal notice on their face of the removability of this action. It was not until Sheridan took various information from

---

[2]In reaching this determination, the Court is making no finding regarding any duty Sheridan may have had under the rules of discovery which were previously addressed in state court.

these documents and made various calculations that Sheridan could, in fact, ascertain that the requite amount in controversy was satisfied.

Accordingly, the Court finds that the thirty-day time limit to remove this action did not begin to run until Sheridan served its First Supplemental Objections and Responses to Plaintiff's First Interrogatories and Requests for Documents, and specifically its Supplemental Response to Interrogatory No. 1, on December 16, 2010. Because Sheridan removed this action one day later, the Court finds that said removal was timely.

III. Conclusion

For the reasons set forth above, the Court DENIES plaintiffs' Motion to Remand [docket no. 21].

**IT IS SO ORDERED this 1st day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE